# FILED

2004 MAR -2  A 9: 30

UNITED STATES DISTRICT COURT
US DISTRICT COURT
BRIDGEPORT CT

DISTRICT OF CONNECTICUT

WIESLAW ROG AND WANDA ROG    : CIVIL ACTION NO: 3:02CV597(JCH)
Plaintiffs

VS.                          :

CITY OF HARTFORD; OFFICER SHAWN
ST. JOHN # D30 INDIVIDUALLY AS
WELL AS OFFICIAL CAPACITY; OFFICER
JOHNSON #D76 INDIVIDUALLY AS WELL
AS OFFICIAL CAPACITY; OFFICER
WASHINGTON #B95 INDIVIDUALLY
AS WELL AS OFFICIAL CAPACITY;
CHIEF BRUCE MARQUIS INDIVIDUALLY
AS WELL AS OFFICIAL CAPACITY
Defendants                   :        March 1, 2004

## JOINT TRIAL MEMORANDUM

### TRIAL COUNSEL:

Counsel For The Plaintiffs:

Gregory Osakwe
Law Offices of Kevin C. Ferry
286 Farmington Avenue
Hartford, CT 06105
(860) 247-7242
Federal Bar Number: CT 24890

1

Counsel For The Defendants:
William J. Melley III
Law Offices of William J. Melley
250 Hudson Street
Hartford, CT 06106
(860) 247-9933
Federal Bar Number CT 06355

## JURY TRIAL:

The Parties agree that the case is to be tried by a jury. Jury selection is scheduled for March 31, 2004

## LENGTH OF TRIAL:

Estimated length of trial is 3 days.

## FURTHER PROCEEDINGS:

None

## NATURE OF THE CASE:

This case involves a claim of false arrest and excessive and unlawful use of force in making the arrest. Plaintiff Wieslaw Rog, alleges he sustained a permanent injury and a wage loss of approximately $10,000.00.

The parties dispute whether the policemen had authority to order plaintiffs to unlock a gate owned, maintained and operated by the plaintiffs. The plaintiffs are not going to proceed with the issue of whether the arresting officers had just

cause to arrest. The main issues in dispute are whether excessive force was used; whether the officers are entitled to qualified immunity; and whether the actions of the officers were reasonable under the circumstances then and there existing.

The defendant contends that the issue of whether the policemen had the authority to order the gate unlocked is not relevant.

**TRIAL BY MAGISTRATE:**

Yes.

**LIST OF WITNESSES:**

Plaintiffs Witnesses:

1.          Wieslaw Rog
2.          Wanda Rog
3.          Scott Bernstein, M.D.
4.          Dr. Donald Kelly
5.          Zbigniew A. Woznica, M.D.
6.          Officer Shawn St. John # D30
7.          Officer Johnson #D76

Defendants' Witnesses:

1.      Officer Shawn St. John
2.      Officer Marcel Washington
3.      Officer Tishay Johnson
4.      Jerzy Kusad

**DEPOSITION TESTIMONY:**

There are no deposition witnesses for the Plaintiffs.

**INTERROGATORIES/REQUESTS TO ADMIT:**

N/A.

**LIST OF EXHIBITS:**

      Plaintiff's Exhibits

1.      Dr. Scott Bernstein's report dated 3-27-01
2.      Dr. Donald Kelly's reports dated 03/28/01
3.      Dr. Donald Kelly's reports dated 04/09/01
4.      Dr. Donald Kelly's reports dated 04/25/01
5.      Dr. Donald Kelly's reports dated 05/09/01
6.      Dr. Donald Kelly's reports dated 05/30/01
7.      Dr. Donald Kelly's reports dated 07/11/01
8.      Dr. Donald Kelly's reports dated 04/30/02
9.      Dr. Donald Kelly's reports dated 02/12/03
10.    Michael Zanker's report dated 3-23-01
11.    Leonard J. Burgmyer's report dated 3-23-01
12.    Farmington Valley Physical Therapy Reports and Bills
13.    Dr. Zbigniew A. Woznica Reports and Bills
14.    Mr. Wieslaw Rog's lost wages information
15.    Color copies of photographs of Mr. Wieslaw Rog's injuries
16.    Color copies of photographs of Ms. Wanda Rog's injuries

      Defendants' Exhibits:

1.      Medical report from Hartford Hospital of bite to Officer Shawn St. John.

**ANTICIPATED EVIDENTIARY PROBLEMS:**

The plaintiff Wanda Rog will need an interpreter

**MOTIONS IN LIMINE:**

Plaintiffs' -- None at this time

**DEFENDANTS' ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE :**

A.     The plaintiffs have raised the issue of whether or not Office Shawn St. John was authorized to have the plaintiff unlock the gate to the driveway. As the plaintiffs acknowledge, however, the whole issue of whether or not there was a false arrest is not relevant. Therefore, the legal authority of the officer to issue any orders is not relevant to any issue of the dispute. The defendants would object to any such offer.

B.     Evidence of Hartford Practices and Procedures.

The plaintiffs have brought this Complaint sounding of many causes of actions. As the plaintiffs acknowledge, however, the essence of their claim is with regard to whether or not there was an excessive amount of force used. There is no separate claim against the City of Hartford or against Chief Marquis. Further, no witness has been identified nor disclosed as authoritative to testify with regard to the practice and procedures of the Hartford Police Department, the

Chief of Police of the City of Hartford.  Therefore, the defendants would object to any such evidence being proffered during the trial itself.

If the plaintiffs were to tender any such offer, which has not been disclosed to date, and is not anticipated, the defendants would have moved to bifurcate that aspect of the trial.  In light of this lack of evidence or issue with regard to the City, the Police Department or the Chief, that issue of bifurcation is thus moot.

1.    **VOIR DIRE QUESTIONS**

a.  Do you or any close friend or family member work for a Police Department?

If yes, which one, and do you feel because of this that you would have a tendency to favor the police department in some way over an individual such as the plaintiff?

If yes, would you be able to put this tendency aside and base your finding solely in the law and the evidence in this particular case?

b.  Do you have any problem with the concept of a plaintiff, such as, Wieslaw Rog and Wanda Rog, who alleges that they have been harmed by the

6

wrongful conduct of another party, coming to court and seeking monetary redress to compensate them for the harm they allege occurred to them?

If yes, please explain.

c. Would you have any problem, if the evidence required you to do so, awarding enough monetary damages to the plaintiffs to fully compensate them for all the damages, if any, which you find that they have suffered, due to the defendants' alleged wrongful conduct, based on the evidence?

If yes, explain why.

Regardless, would you be able to put this predisposition aside and award such damages if required by the law and evidence?

If no, explain why not.

d. Do you have any problems with the concept of damages being awarded for emotional distress suffered by the plaintiffs; in other words, if the evidence required you to award damages to compensate the plaintiffs for emotional suffering that they experienced in this case in an amount additional to any lost pay and benefits to which they might be entitled, are you opposed to the concept, as a general rule, of awarding damages for such emotional distress?

If yes, explain why.

Would you be able to put this predisposition aside and award such damages if required by the law and evidence?

e.     What newspapers do you read the most?  What are two others?

f.  Have you ever written a Letter to the Editor of a newspaper?  How many?  What was the general topic?

g.  This case involves alleged police misconduct.  Have you or anyone else close to you ever had a police misconduct experience in which personal injuries resulted?

If yes, please describe.

h.  The plaintiffs in this case allege personal injuries resulting from police misconduct.  Do you think that the injury or impairment that you have mentioned experiencing will affect your ability in any way to evaluate the present case fairly?

Please explain.

i.  This case involves two plaintiffs who claim that the police used excessive and unlawful use of force in making the arrest.  What are your feelings about the police using physical force and handcuffs against someone?

DEFENDANTS' PROPOSED VOIR DIRE:

1.  Have you ever served as a juror previously, either in State or Federal Court?  If so, where and when was it, and did it involve civil or criminal cases?

2.  Do you or any members of your family or friends know the plaintiff, the defendants or any of the attorneys representing any of the parties to this action, or any of the witnesses?  If so, what is the relationship?

3.  Do you have any underlying feelings, positive or negative, where local or state police officers are concerned, and if so, what are those concerns?

4.  Do you have any particular feelings concerning any of the defendants which would in any way affect your ability to be fair and impartial in this case?

5.  Have you or any members of your family or friends ever worked for any law enforcement or police department?

6.  Have you or any members of your family or friends ever studied law?

7.  Have you or any members of your family or friends ever made a claim or brought a lawsuit concerning the actions of any police department or employee of any police department or agency?  If so, what was the basis of that claim?

8.  Have you ever been a party to a lawsuit or brought a claim for money damages, if so, what was the nature of the claim, and how was the suit resolved?

9. Is there anyone of you, who if instructed to do so by the Judge could not, or would not put aside all natural feelings of sympathy during jury deliberations and decide this case strictly on the facts and the law?

10. Do any of you feel that because this case involves the actions of police officers that you would not be able to put aside all natural feelings either pro or con with respect to police officers and decide this case simply on the facts and law?

11. Are there any among you who feel that merely because a person brings a lawsuit and claims money damages that such a person is entitled to be awarded damages by a jury without first proving that the defendant is liable under the law?

12. Are there any among you who feel that merely because the defendant has been sued that he must have done something wrong and legally must be at fault?

13. Are there any among you who feel that even if the plaintiff fails to prove her case against the defendant, you could not or would not send her home without any money because the plaintiff claims she has suffered a great deal and has incurred expenses.

14. Have you or any members of your family worked for the City of Hartford or any other municipality? If so, in what capacity?

15. Do any of you have any opinion about the quality of police service provided by the City of Hartford? If so, would that opinion affect your ability to fair and impartial in this case?

16. Have any of you read any publications in the media regarding Hartford Police Officers in general and do you have any feelings as to whether or not anything you have read or seen in the media would affect your ability to be fair and impartial in this case?

17. Have you or any member of your family or friends ever been arrested when you did not feel it was appropriate?

**2.      PLAINTIFFS' STATEMENT IN LIEU OF OPENING STATEMENT**

The plaintiffs allege that on or about March 23, 2001, at approximately 12:17 a.m. the plaintiffs where awakened by officers of the Hartford Police Department who demanded that the plaintiffs unlock the gate to their rented premises failing which they would be arrested and the fire department would come and break open the gate. Subsequently, members of its Police Department responded to the scene and immediately exerted an outrageous use of force against the

plaintiff; unusual for the type of situation.  The plaintiffs incurred severe physical,

emotional and mental injuries.  Furthermore, the defendants deprived the

plaintiffs of their Constitutional Rights in violation of 42 U.S.C. Section 1983.

**PLAINTIFF'S FIRST SET OF REQUESTS TO CHARGE**

I.        INTRODUCTION

The plaintiffs brought this lawsuit to obtain justice for what they contend

were violations of their rights under two sets of laws.  The first set of laws is the

federal civil rights laws which provides a remedy for people who feel that their

rights as protected by the United States Constitution have been violated.  The

second set of laws, which the plaintiffs used to sue the defendants was the laws

of the State of Connecticut which govern how citizens are to be treated.

Because the federal Constitution and state laws are different, you will receive two

sets of instructions.  You will also be instructed that, should you find that the

defendants violated the plaintiffs' rights under the United States Constitution, you

do not have to consider whether the defendants violated the Connecticut laws.

II.       **FEDERAL LAW**

1.        **FEDERAL LAW TO BE APPLIED**

The plaintiffs brought this lawsuit because they assert that their rights under the Constitution of the United States were violated, that is, their right to be free from the use of unreasonable force against him by police officers. The federal law to be applied in this case is the civil rights law known as Section 1983 of Title 42 of the United States Code, which provided a remedy for people who have been deprived of their constitutional rights under color of state law. Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom of usage of any State or Territory of the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**REQUEST GRANTED/DENIED**

2.    **COLOR OF STATE LAW**

Federal law provides that any person may seek justice from the legal system, by way of money damages, against any person or persons who, acting under color of state law, deprives that person of any of his constitution rights. Acting under color of state law simply means acting in one's official capacity as a police officer. There is no dispute that the defendants each were members of the Windsor Police Department and at all relevant times acting in their official

13

capacities.  Therefore, I instruct you to find that if each defendant was acting as a

police officer, then each was acting under color of law for purposes of Section

1983.  Monroe v. Pape, 365 U.S. 167 (1961).

**REQUEST GRANTED/DENIED**

**3.      UNREASONABLE FORCE DEFINED**

The plaintiff claims that the defendants each used unreasonable force

against him in connection with his arrest.  A person, even if he is being lawfully

arrested, has the right under the Fourth Amendment of the United States

Constitution to be free from the use of unreasonable force against him by police

officers.  Tennesee v. Garner, 471 U.S. 1 (1985).  A police officer is entitled to

use such force as a reasonable person would think is required under the

circumstances to take an arrested person into lawful custody.  This may include

such physical force as is necessary to subdue a person who is struggling with an

officer.  However, an officer is not allowed to use any force beyond that which is

reasonably necessary to accomplish his lawful purpose, that is, to merely subdue

the arrested person and to take him or her into lawful custody.

Therefore, I instruct you that if you find that any defendant used more or

greater force than was reasonably necessary under the circumstances of this

case to take the plaintiffs into lawful custody, then you must find that defendant is liable for a violation of the plaintiffs' constitutional rights.  Graham v. Connor, 490 U.S. 386 (1989); Jenkins v. Averett, 424 F2d 1228 (4th Cir. 1970); Monroe v. Pape, 365 U.S. 167 (1961).

**REQUEST GRANTED/DENIED**

**4.     PLAINTIFF NOT REQUIRED TO PROVE SPECIFIC INTENT, MOTIVATION OR SPECIFIC STATE OF MIND**

It is not necessary to find that the defendant had any specific intent to deprive the plaintiffs of their civil rights in order to find in favor of the plaintiffs. The plaintiffs are entitled to relief if the defendant acted in a manner, which resulted in a violation of the plaintiffs' rights.  Monroe v. Pape, 365 U.S. 167 (1961).

As to the defendants' use of force against the plaintiffs, each officer's intent or motivation or specific state of mind is irrelevant to the question of whether the force he or she used against the plaintiffs was reasonable.  Graham v. Connor, 490 U.S. 386 (1989).  It makes no difference whether the force was used in "good faith" or whether it was used "maliciously and sadistically for the very purpose of causing harm." Id.  The plaintiffs are not required to prove that the defendants acted with any specific or particular intent or motivation or state of

mind in order for you to find that the defendants used unreasonable force against him in violation of his constitutional rights. Therefore, I instruct you that in determining whether the defendants used unreasonable force against the plaintiffs in violation of their constitutional rights, you are not to examine the force which was used under the circumstances. You are not to attempt to determine the defendants' particular intent or motivation or state of mind in using such force.

**REQUEST GRANTED/DENIED**

5.       **WEIGHT OF POLICE OFFICERS' TESIMONY**

The testimony of police officers is entitled to no special weight. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests as any other witness does, and in the case of police officers you should not believe them merely because they are police officers. You should view and balance a police officers' testimony just as carefully as you would any other witnesses' testimony.

**REQUESTED GRANTED/DENIED**

6.       **DUTY OF POLICE OFFICERS TO ENFORCE THE LAW AND PRESERVE THE PEACE**

Police officers have a duty to enforce the law and preserve the peace. This includes using appropriate and reasonable means to control a situation so as to contain it or keep it from escalating into violence or further violence, as well as stopping other police officers from using unreasonable force and violating the law. A police officer may not ignore the duty imposed by his or her position and fail to stop other officers who use unreasonable force or otherwise act unlawfully against a third person. <u>Gagnon v. Ball</u>, 696 F2d 17 (2d Cir. 1982); <u>Zapcio v. Bucyrus-Erie Co.</u>, 579 F2d 714, 718 (2d Cir. 1978); <u>O'Neill v. Krzeminski</u>, 839 F2d 9, 11-12 (2nd Cir. 1988).

Therefore, I instruct you that If you find that any police officer, whether or not named as a defendant in this case, failed to use appropriate and reasonable means to control the situation so as to contain it or keep it from escalating into violence or further violence, or acted in such a manner as to allow or cause the situation to escalate into violence or further violence, or if any officer used unreasonable force against the plaintiffs and that the officers did nothing to prevent such events, then you shall find that or those officers, as the cause may be, liable for that conduct.

**REQUEST GRANTED/DENIED**

17

7.    **JOINT AND SEVERAL LIABILITY**

Where two or more persons unite in an act which constitutes a wrong to another intending at the time to commit it, or performing it under circumstance which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another. Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages. All those who actively participate in a wrongful act, or participate by cooperation or request, or who lend encouragement to the wrongdoer, or who ratify or adopt the wrongdoer's acts for their benefit, are equally liable with the wrongdoer. Express agreement is not necessary and all that is required is a common design or understanding, even though it may be a tacit one. Prosser, Law of Torts, Section 46, pp. 291-95 (4th ed. 1971); Gagnon v. Ball, 696 F2d 17 (2d Cir. 1982).

Therefore, I instruct you that, if you find that any defendant participated actively, or by cooperation or request in any wrongful act against the plaintiffs, or

18

encouraged the wrongdoer, or ratified and adopted the wrongdoer's acts for his or her benefit, he or she is equally liable with the wrongdoer to the plaintiffs.

**REQUEST GRANTED/DENIED**

8.    **SECTION 1983 DAMAGES**

In a Section 1983 case, proof that one or more defendants violated the plaintiffs' constitutional rights entitles the plaintiffs to monetary damages. The award of money damages in a Section 1983 case is an extremely important way to protect the U.S. Constitution's guarantee against the use of unreasonable force by police officers. Section 1983 damage awards are intended not only to provide compensation for the victims of past abuses, but also to serve as a deterrent against future constitutional violations. Owen v. City of Independence, 445 U.S. 622, 651, reh.g denied 446 U.S. 933 (1980). There are three types of money damages available to a Section 1983 Plaintiff, (1) nominal damages, (2) actual damages, and (3) punitive damages. I will now explain the difference between these three types of damage awards.

**Nominal damages** are usually awarded to those who suffer a violation of their rights but are unable to show measurable injury or loss other than the violation of constitutional rights alone. Carey v. Piphus, 435 U.S. 247, 266

(1978).  Therefore, if you find that the plaintiffs have shown that as a result of wrongful conduct by one or more of the defendants, they suffered some measurable injury or loss beyond the violation of their constitutional rights alone, you may award them damages beyond nominal damages.

**Actual or compensatory damages** is that amount of money damages which will reasonably and fairly reimburse the plaintiffs for any harm which wrongful conduct by one or more of the defendants was a substantial factor in bringing about.  Therefore, I instruct you that if you find that the plaintiffs suffered some measurable injury or loss beyond the violation of their constitutional rights alone, you may award them actual or compensatory damages.

In determining the amount of actual or compensatory damages to award the plaintiffs, I instruct you to consider the following:

1)    Medical expenses;

2)    Loss of earnings from employment;

3)    Physical harm to plaintiffs, including ill health, disability and disfigurement;

4)    Physical pain or discomfort; and

Reinstatement of Torts II Section 431; Guzman v. Western State Bank, 540 F2d
948 (8th Cir. 1976).

Actual or compensatory damages also include general damages, which
are designed to compensate for **emotional and mental distress**.  Guaman v.
Western State Bank, 540 F2d 948, 953 (8th Cir. 1976).  While this class of
damages may be more difficult to quantify, they nonetheless are compensable.
In determining how to compensate the plaintiffs for emotional and mental
distress, some of the things you can consider are damages from injuries resulting
from the invasion of the plaintiffs' privacy, interference with his personal
development, stigmatization, and loss of reputation and dignity, and may include
nightmares, fear anxiety, nervousness, embarrassment, and humiliation.
Brandon v. Allen, 719 F2d 151, 154-55 (6th Cir. 1983), rev'd and remanded on
other grounds sub nom., Brandon v. Holt, 105 SCT 873 (1985); Corriz v. Noranjo,
667 F2d 893, 897-98 (10th Cir. 1981) cert. Dismissed 458 U.S. 1123 (1982);
Keyes v. Lauga, 635 F2d 330, 336 (5th Cir. 1981).

**Exemplary or punitive damages** may be awarded to the plaintiffs
separately and in addition to actual or compensatory damages.  Exemplary or
punitive damages may be awarded even though you find that the plaintiffs are

21

not entitled to actual or compensatory damages. Exemplary or punitive damage awards serve two purposes: (1) to punish a defendant or defendants for extreme or outrageous conduct, and (2) to deter or prevent a defendant and others like him from committing such conduct in the future. Smith v. Wade, 461 U.S. 301 (1983).

Punitive damages may be awarded when the jury determines that one or more
defendants has or have acted in any one of the following ways:

**a)** Willfully or maliciously violated the plaintiff's constitutional rights;

**b)** Intentionally acted in gross disregard of the plaintiff's rights;

**c)** Acted or failed to act recklessly or with callous indifference as to whether or not the plaintiff's rights would be violated.

Smith v. Wade, 461 U.S. 301 (1983).

Therefore, I instruct you that if you find that any defendant has committed such conduct, then you should award punitive damages to the plaintiffs. Smith v. Wade, 461 U.S. 30 (1980); Stolberg v. Board of Trustees, 474 F2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F2d 907 (2d Cir. 1983).

**REQUEST GRANTED/DENIED**

### III.    **STATE LAW CLAIMS**

I have now concluded my instructions to you on the applicable federal law, which you must apply to the plaintiffs' constitutional claim. The plaintiffs have also brought claims against the defendants that arise under the laws of the State of Connecticut. I will now instruct you on the plaintiffs' state law claims. Some of what I say may seem similar to what I have already told you about the federal law applicable to this case, but there are some important differences.

### 9.    **STATE LAW CLAIMS NEED NOT BE CONSIDERED IF VIOLATION OF FEDERAL LAW FOUND**

Although I will be instructing you as to Connecticut law, it is also my instruction to you that should you find that the defendants violated the plaintiffs' rights under the United States Constitution and federal law, you may proceed to award the plaintiffs damages without regard to whether the defendants violated Connecticut law.

**REQUEST GRANTED/DENIED**

### 10.    **BURDEN OF PROOF**

The plaintiffs allege in their complaint that the defendants acted or failed to act wrongfully under state law, in that they were negligent, that they committed

assault and battery, and willful misconduct, and that this negligence, assault and battery and willful misconduct caused the Plaintiff's injuries and losses.

The burden is upon the plaintiffs to prove to you by a fair preponderance of the evidence that one or more of the defendants acted or failed to act negligently, or committed assault and battery, or committed willful misconduct in one or more of the ways alleged in the complaint, and that, as to each defendant, such conduct caused the plaintiffs' injuries and losses.

**REQUEST GRANTED/DENIED**

### 11.    TESTIMONY OF POLICE OFFICERS UNDER STATE LAW CLAIMS

You should regard the testimony of the police officers in regard to the state claims in the same manner you did in federal claims.  The testimony of a police officer is entitled to no special weight merely because it comes from a police officer.  A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers.  Connecticut Jury Instructions Section 667.

**REQUEST GRANTED/DENIED**

**12.      DUTY UNDER STATE LAW OF POLICE OFFICERS TO ENFORCE THE LAW AND PRESERVE THE PEACE**

As under federal law, police officers have a duty to enforce the law and preserve the peace.  This includes using appropriate and reasonable means to control a situation so as to contain it or keep it from escalating into violence or further violence, as well as stopping other police officers from using reasonable force and violating the law.  A police officer may not ignore the duty imposed by his or her position and fail to stop other officers who use unreasonable force or otherwise act unlawfully against a third person.  Gagnon v. Ball, 696 F2d 17 (2d Cir. 1982); Zapcio v. Bucyrus-Erie Co., 579 F2d 714, 718 (2d Cir. 1978); O'Neill v. Krzeminski, 839 F2d 9, 11-12 (2nd Cir. 1988).

Therefore, I instruct you that if you find that any police officer, whether or not names as a defendant in this case, failed to use appropriate and reasonable means to control the situation so as to contain it or keep it from escalating into violence or further violence, or acted in such a manner as to allow or cause the situation to escalate into violence or further violence, or if any officer used unreasonable force against the plaintiffs and the officers did nothing to prevent

25

such events, then you shall find that or those officers, as the case may be, liable

for that conduct.

**REQUEST GRANTED/DENIED**

13.    <u>**NEGLIGENCE**</u>

For plaintiffs to recover, it is necessary for you to be satisfied; first, that

one or more of the defendants was or were negligent in using unreasonable force

to arrest or take the plaintiff into custody, or in committing an assault and battery

upon the plaintiffs; second, that such negligence, if any existed, was a substantial

factor in causing the injuries to the plaintiffs, and third, that the negligence of the

plaintiffs themselves, if any existed, was not greater than the negligence of the

defendant or defendants.  If you find that these three important allegations have

been established in favor of the plaintiffs, you will then consider what damages to

award the plaintiffs.  <u>Washburn v. LaMay</u>, 116 Conn. 576 (1933).

With regard to the first element, the broad principle of law which lies at the

base of this case is this:  Where the activities of two persons come into such

conjunction that unless proper care is used, injury is likely to occur, each must

use such care to avoid the injury.  The plaintiffs claim that each defendant was

negligent in the way he or she acted or failed to act.  Negligence is the doing of

something, which a reasonably prudent person would not do under the circumstances. It is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care. New England Iron Works v. Connecticut Co., 98 Conn. 609 (1923).

The standard of care is the same of all persons – that which a reasonably prudent person would exercise under the same circumstances. However, the conduct of the defendants here should be measured by you in view of the special circumstance that they were police engaged in the performance of their duty. It is possible that you will decide that what might be negligence on the part of others under different circumstances, might be negligence on the part of the police officers here. See Aubrey v. Meriden, 121 Conn. 361 (1936).

**REQUEST GRANTED/DENIED**

**14.    ASSAULT AND BATTERY**

Assault and battery is a harmful or offensive conduct with a person, resulting from an act intended to cause that person to suffer such contact, or to believe that such contact is imminent. In other words, a battery is any touching of the person of another in rudeness or anger. Prosser, Restatement of Torts Lentine v. McAvoy, 105 Conn. 528 (19  ).

**REQUEST GRANTED/DENIED**

**15.    <u>JOINT AND SEVERAL LIABILITY</u>**

The law in Connecticut permits the party injured to treat all persons involved in the injury as constituting one party who by their joint cooperation accomplished certain injurious results and who are liable to respond to the plaintiff in a gross sum as damages.  Where the wrongful conduct of two or more actors has combined to bring about harm to the plaintiffs and one or more of the actors seeks to limit this liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment among them, the burden of proof as to the apportionment is upon each such actor. <u>Gutkowski v. New Britain</u>, 165 Conn. 50, 55 (1973).

**REQUEST GRANTED/DENIED**

**16.    <u>CAUSATION</u>**

<u>Proximate Cause – Substantial Factor</u> – Even though you should find that the defendants were negligent, that would not necessarily afford the basis for recovery by the plaintiffs.  The plaintiffs must go further:  they must prove to you by a fair preponderance of the evidence that the negligence of a defendant in one or more of the ways claimed caused their injuries.  Much learning has been

expended by the courts of law in attempting to arrive at a correct and reasonably understandable test for determining whether negligence of a party was the cause of the injuries resulted from a happening and our supreme court has formulated a test in a brief statement which it felt could be understood and applied by the average man. [Mahoney v. Beatman, 110 Conn. 184 (1929).]  By natural sequence, I mean a sequence which proceeds in accordance with the common experiences of life.  [Lombardi v. Wallad, 98 Conn. 510, 517 (1923); Corey v. Phillips, 126 Conn. 246, 255 (1939).]  Not only must the plaintiffs prove that a defendant was negligent, but they must also prove that such negligence was a substantial factor in bringing about the injuries they suffered; or to state it in another way, that the negligence was adapted to produce or aid in producing those injuries in a natural sequence.  It follows from this that, if the incident would have happened even though the defendant had not been negligent, his negligence cannot be held to be a cause of the incident.

In order to recover, there must also be satisfactory proof that such negligence was the proximate cause of the injuries claimed and proven. Negligence is deemed to be the proximate cause of any injury when it is a substantial factor in producing that injury.  Negligence, to be a substantial factor

in producing the injury, must have entered into the production thereof as a cause

of it. That is, the particular negligence must either have caused the accident

itself, alone, or it must have materially contributed to it in conjunction with the

negligence of another defendant or other defendants. Unless any given

negligence of a defendant, which you may find to exist entered into the

occurrence, either to produce the incident as the only cause or as a contributing

cause, then such negligence is to be disregarded. Wright Connecticut Jury

Instructions, Vol. 1, page 222.

**REQUEST GRANTED/DENIED**

**17.      STATE LAW DAMAGES**

The plaintiffs are also seeking damages on their state law claims.   As with

the federal claim, you can consider Wanda Rog and Weislaw Rog's rights to

nominal, compensatory and punitive damages.

A plaintiff is entitled to nominal damages, again, where a violation of his

rights has occurred but he is unable to show any significant monetary damages.

Scmeltz v. Tracy, 199 Conn. 492, 496.

In Connecticut, a plaintiff is also entitled to recover compensatory

damages that is all of the specific monetary damages suffered by the plaintiff

because of the defendants' wrongful act. <u>Mourison v. Hansen</u>, 128 Conn. 62; <u>Gorham v. Farmington Motor Inn</u>, 159 Conn. 576 (1970). Specific monetary damages would include expenses such as medical bills, loss of earning from employment, physical harm including physical pain and discomfort and mental suffering.

If you find that Wanda Rog and Weislaw Rog should be compensated for the actual injuries they suffered then under Connecticut law you can also award them exemplary or punitive damages. Punitive damages are assessed against the defendant or defendants if the assault upon the plaintiffs was malicious, willful or wanton, and where the defendant exhibited a reckless disregard of the consequences, which might follow from his acts. <u>Lentine v. McAvoy</u>, 105 Conn. 528, 531 (1927). The law does make allowances to one guilty of an assault and battery if it was provoked by acts or words of the person assaulted. However, no act or words, however great, is an excuse of an unlawful assault, nor can it any degree affects the amount of damages to which the person so assaulted is entitled to recover, as compensation for his injuries losses. Connecticut Jury Instructions Section 250.

**REQUEST GRANTED/DENIED**

18.        **COMPARATIVE NEGLIGENCE**

The Comparative Negligence Rule – If you find that the plaintiffs were

negligent, and that such negligence was a proximate cause of their injuries and

losses, you must consider what is called the comparative negligence rule.  You

may have heard of what is called "contributory negligence."  Connecticut's

comparative negligence rule holds that in causes of action based on negligence,

contributory negligence on the part of the plaintiffs shall not bar their recovery

unless such contributory negligence was greater than the combined negligence

of the person or persons against whom recovery is sought.  Instead, any

damages you may award to each plaintiff shall be reduced in proportion to the

percentage of negligence attributable to each plaintiff.  Conn. Gen. Stat. Sec. 52-

572h; Wright, Connecticut Jury Instructions, Vol. 2, p. 814.

**REQUEST GRANTED/DENIED**

**DEFENDANT'S PROPOSED REQUEST TO CHARGE**

1.      State of Mind:

The [final] element which Plaintiffs must prove to you by a preponderance

of the evidence is the Defendants acted intentionally.  An act is intentional if it is

done knowingly – that is, voluntarily and deliberately.  If you find that the

Defendants' actions were not intentional, but were merely negligent, done by mistake, were accidental or taken for some other non-malicious reason, then you must find for the Defendants.

2.    Qualified Immunity:

Defendants have set forth the defense of a doctrine known as qualified immunity to Plaintiffs' constitutional charge.  If you have found that he violated Plaintiffs' constitutional rights, only then will you consider this doctrine.  The Defendants bear the burden of proof as to this defense by a preponderance of the evidence.

The shield of qualified immunity protects government officials from liability for damages on account of their performance of discretionary official functions, so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.  Under the doctrine of qualified immunity, Defendants may not be held liable for these claims of Plaintiffs' if:  (1) it was objectively reasonable for him to believe that he was not violating the Plaintiffs' constitutional rights; or (2) if two police officers could disagree on the legality of the Defendants' action.  As the United States Supreme Court has state:  "Qualified immunity protects all but the plainly incompetent or those who

knowingly violate the law." The Defendants will meet his burden of proof on the defense of qualified immunity, if necessary, only if you find that their actions were objectively reasonable under the totality of the circumstances as known to them at the time they acted.

3.    <u>Intentional Infliction of Emotional Distress</u>:

Plaintiffs next bring a state law claim against the Defendants: the intentional infliction of emotional distress. In order to prevail on a claim for the intentional infliction of emotional distress, Plaintiffs must establish four elements: first, that the actor intended to inflict emotional distress, or that he or she knew or should have known that the emotional distress was a likely result of his conduct; second, that the conduct was extreme and outrageous; third, that the conduct of the defendants under consideration was the cause of the plaintiffs' distress; and, fourth, that the distress suffered by the plaintiffs as severe.

The general rule is that there is liability only for conduct that exceeds all bounds tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. The conduct must be so outrageous and extreme as to go beyond all possible grounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

society. You must consider Plaintiff's claim against each defendant separately.

Thus, Plaintiffs must first prove, by a preponderance of the evidence, that the conduct of the Defendants under circumstances meets this level of atrocity. Only if they meet this standard, will you go on to determine whether they indeed suffered severe mental distress as a result of that intentional conduct. Severe emotional distress means emotional distress of such substantial or enduring quality that no reasonable person in a civilized society should be expected to endure it.

The three charges above are from charge of Honorable Ellen B. Burns, Robert Stack vs. City of Hartford, et al, Civil Action No.:    301CV260(EBB). Saucier v. Katz, 121 S. Ct 2151 (2001).

4.    Excessive Force Test:

The test you are to use to determine if the force used in this case was excessive is this: Pay attention to the facts and circumstances, including the severity or lack of severity of the alleged crime in issue; whether the person against whom the force was used posed an immediate threat to the safety of the police or others; and whether the person against whom the force was used was actively resisting arrest or attempting to evade arrest by flight (trying to get away). You must weigh together all these three factors to determine whether or

not the force used was or was not excessive.  <u>Graham v. Connor</u>, 490 U. S. 386, 396, 109 S. Ct 1865, 104 L.Ed.2d 443 (1998).

Under the Fourth Amendment, the most important single element in analyzing the reasonableness of force is whether a suspect posed an immediate threat to the safety of an officer or others.  <u>Headwaters Forest Defense v. County of Humboldt</u>, 240 F.3d 1185, 1203 Cert. granted, judgment vacated on other grounds, 534 U. S. 801, 122 S. Ct. 24,151,L.Ed 2d 1 (2001)

The proper focus in determining the reasonableness or not of force used is on the events *immediately* confronting officers when they decide to use force.  <u>Headwaters Forest Defense v. County of Humboldt</u>, supra 1203 (emphasis in original).

THE PLAINTIFFS,                          THE DEFENDANTS,

By: _____              By: _____
Gregory Osakwe                          William J. Melley III

36