United States District Court
District of Connecticut
FILED AT BRIDGEPORT
3-15-2004
Kevin F. Howe, Clerk
By: [signature]
Deputy

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WIESLAW ROG and WANDA ROG<br>Plaintiffs | : CIVIL ACTION NO.:<br>  3:02cv597(WWE) |
| VS. | : |
| CITY OF HARTFORD, IN OFFICIAL CAPACITY OFFICER SHAWN ST. JOHN, #D30, IN INDIVIDUAL CAPACITY OFFICER SHAWN ST. JOHN #D30, IN OFFICIAL CAPACITY OFFICER JOHNSON #D76, IN INDIVIDUAL CAPACITY OFFICER JOHNSON #D76, IN OFFICIAL CAPACITY OFFICER WASHINGTON #B95, IN INDIVIDUAL CAPACITY OFFICER WASHINGTON #B95, IN OFFICIAL CAPACITY CHIEF BRUCE MARQUIS, IN INDIVIDUAL CAPACITY CHIEF BRUCE MARQUIS<br>Defendants | : March 12, 2004 |

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER**

In the above-entitled case, the plaintiffs have brought constitutional claims, arising from her arrest including excessive force. The defendants have denied the claim.

The defendants have set up special defenses including qualified immunity. The proposed special defense adds in the dimension of the plaintiffs' conduct at the time of the arrest.

The purpose of the amendment is to clarify the pleadings, conform the issues in the pleadings to the argument previously made and to clarify the issues of controversy.

Fed. R. Civ. P. 15(a) provides that in cases such as this where a responsive pleading has been served, a party may amend its pleading only by leave of court or consent of the adverse party. The rule further provides that leave "shall be freely given when justice so requires." Id. In Forman v. Davis, 371 U.S. 178 (1962), the Supreme Court explained that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc.—the leave should, as the rules require, be 'freely given.'

Forman, 371 U.S. at 182.

See Absher v. Flex International, March 31, 2003, 3:02 CV 171(AHN)

The purposed amendment is not a new issue. The defendants submit it will not result in any prejudice to the plaintiff or result in any delay of the proceedings.

Wherefore, the defendants request that the motion should be granted.

DEFENDANTS

By _____
William J. Melley III
250 Hudson Street
Hartford, Connecticut 06106
(860) 247-9933
fax: (860) 247-9944
Federal Bar No. CT 06355

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this date to:

Kevin Ferry, Esquire
Gregory Osakwe, Esquire
286 Farmington Avenue
Hartford, CT 06105

_____
William J. Melley III