```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                         2004 APR 20  P 3:54

WIESLAW ROG and WANDA ROG,       :    3:02CV597 (WWE)
     Plaintiffs,    U.S. DISTRICT COURT
                    BRIDGEPORT, CONN
                                 :
v.                               :
                                 :
IN OFFICIAL CAPACITY,            :
OFFICER SHAWN ST. JOHN,          :
#D30, IN INDIVIDUAL CAPACITY     :
OFFICER SHAWN ST. JOHN,          :
#D30; IN OFFICIAL CAPACITY       :
OFFICER JOHNSON, #D76,           :
IN INDIVIDUAL CAPACITY           :
OFFICER JOHNSON, #D76,           :
     Defendants                  :
```

**JURY INSTRUCTION**
**SUBSTANTIVE CHARGE**

In this case, the plaintiffs raise both federal and state law claims. Regarding the federal law claims, they allege that they were subjected to the use of unnecessary and unreasonable force in violation of the United States Constitution and a section of federal law known as the Civil Rights Act, Title 42, United States Code, § 1983, which provides in pertinent part that:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

**ESSENTIAL ELEMENTS OF 42 U.S.C. § 1983**

The plaintiffs have the burden to establish, by a preponderance of the evidence, the essential elements of their

claim as to the defendants. They must prove (1) that the defendants acted under color of state law; and (2) that the defendants' acts and conduct deprived the plaintiffs of certain rights secured by the Constitution of the United States.

**UNDER COLOR OF STATE LAW**

There is no dispute that the defendants were acting in their capacity as members of the City of Hartford Police Department. Therefore, the defendants in this case were acting under the color of state law at all times relevant to this suit.

**DENIAL OF CONSTITUTIONAL RIGHTS**

You must decide whether the defendants denied the plaintiffs one or more rights secured to them by the Constitution of the United States. The plaintiffs claim that the defendants violated their constitutional rights by using excessive force.

During your deliberations, you have to be concerned with the interests of the plaintiffs and the defendants, all of which are important and which from time to time come into conflict. On the one hand, there is the interest of the plaintiffs in enjoying their constitutional rights. On the other hand, there are the interests of the defendant police officers in properly performing their duties, including the duty to protect the rights of others. There are standards for you to apply by which the law tries to accommodate the interests of the plaintiffs and the defendants.

**EXCESSIVE FORCE**

1     The plaintiffs claim that the defendants used unreasonable
2     and unnecessary force against them, resulting in a violation of
3     their rights under the Fourth Amendment to the Constitution of
4     the United States.
5     In order to prove that the defendants used excessive force
6     in violation of the Fourth Amendment, the plaintiffs must prove
7     by a preponderance of the evidence (1) some harm, that (2)
8     resulted directly and only from the use of force that was clearly
9     excessive to the need; and the excessiveness of which was (3)
10    objectively unreasonable in light of the facts and circumstances
11    at the time.  If the plaintiffs fail to prove any one of these
12    elements, you must find for the defendants.  The defendants deny
13    that they used excessive force.  You must decide whether the
14    force used on the plaintiffs was excessive.
15    Not every person hurt by a police officer is deprived of a
16    constitutional right.  To establish an excessive force claim, the
17    plaintiffs must show that the force used by an officer, in light
18    of the facts and circumstances confronting him, was unreasonable.
19    Not every push or shove, even if it may later seem unnecessary,
20    violates the Fourth Amendment.  The reasonableness of the force
21    used is judged from the perspective of a reasonable officer on
22    the scene and takes into account factors such as the severity of
23    the crime at issue, or whether the plaintiffs posed an immediate
24    threat to the safety of the officers or others.  A person is not

1    justified in using physical force to resist an arrest by a
2    reasonably identifiable peace officer, whether such arrest is
3    legal or illegal.
4        A police officer has the duty to enforce the laws and to
5    preserve the peace. This includes using appropriate and
6    reasonable means to control a situation to keep it from
7    escalating into violence, as well as stopping other police
8    officers from using unreasonable force and violating the law,
9    providing he has the ability to do so.  Whether he is acting in
10   the performance of his duty must be determined in the light of
11   that purpose and duty. If he is acting under a good faith belief
12   that he is carrying out that duty, and if his actions are
13   reasonably designed to that end, he is acting in the performance
14   of his duties.
15       A constitutional violation does not occur where a plaintiff
16   was injured due to the negligence of a defendant.  A police
17   officer has the lawful authority to use such physical force as
18   may be reasonably appropriate to accomplish his lawful purpose.
19   In determining whether a defendant has used unreasonable force in
20   violation of the Constitution, you should consider according to
21   an objective standard all the relevant facts you find to have
22   been proven in this case, including the need, if any, for the
23   application of any force, the relationship between the need and
24   the amount of force, if any, that you find was actually used and

1  the extent of the injury inflicted, if any.  The burden of proof
2  is on the plaintiffs to persuade you by a preponderance of the
3  evidence that excessive force was used.

4  **STATE LAW CLAIM**

5  The plaintiffs bring a Connecticut common law claim of
6  battery.

7  **BATTERY**

8  Battery is harmful or offensive conduct with a person.  In
9  other words, a battery is any touching of the person of another
10 in rudeness or anger.  A police officer is justified in using
11 physical force upon another person when and to the extent that he
12 reasonably believes such to be necessary to: (1) effect an arrest
13 or prevent the escape from custody of a person whom he reasonably
14 believes to have committed an offense, unless he knows that the
15 arrest or custody is unauthorized; or (2) defend himself or a
16 third person from the use or imminent use of physical force while
17 effecting or attempting to effect an arrest or while preventing
18 or attempting to prevent an escape.

19 **PROXIMATE CAUSE**

20 In order for the plaintiffs to prevail on their claim, there
21 must be a showing by a preponderance of the evidence that the
22 defendants' actions were a proximate cause of the plaintiffs'
23 injuries.  Proximate cause, as we use the phrase in the law,
24 means that cause or act which, as a natural sequence, produces

1  the injury or damage and without which the injury or damage would
2  not have occurred. In other words, the conduct of the officers
3  must be a substantial factor in producing the injury or damage to
4  the plaintiffs, and not a mere condition of or incident to the
5  harm.
6     This does not mean, however, that the law recognizes only
7  one proximate cause of an injury or damages. On the contrary,
8  many factors or things, or the conduct of more than one person
9  may operate at the same time, either independently or together,
10 to cause injury or damage. In such a case, each may be a
11 proximate cause.
12 **DAMAGES**
13    Now, if you have found that the plaintiffs have proven their
14 claims by a preponderance of the evidence, then you may consider
15 what damages, if any, are due to them, the injured parties. Of
16 course, the fact that I give you instructions on damages should
17 not be taken as an indication that I think that damages should
18 be, or should not be, awarded. That is a determination which is
19 left entirely to you. I am instructing you on principles
20 governing damages awards so that, in the event you should find
21 the defendant liable, you will know on what basis to consider any
22 award of damages.
23 **COMPENSATORY DAMAGES**
24    There are two kinds of damages. The first kind,

1    compensatory damages, represents the sum of money that will
2    fairly, adequately and reasonably compensate a person for harm
3    proximately caused by another's conduct.  Compensatory damages
4    are not allowed as a punishment and cannot be imposed or
5    increased to penalize a defendant.
6        An award of damages is designed to place the injured
7    parties, so far as it can be done by money, in the same position
8    they would have been in had there been no unlawful conduct.  The
9    injured parties may recover for those losses which they have
10   proved by a preponderance of the evidence were the direct or
11   natural result of the offending parties' conduct.  Injured
12   parties are entitled to those damages which the offending parties
13   should have realized might result from their conduct.
14       You may not guess or speculate as to the proper amount of
15   the award of damages, but absolute certainty is not required.
16   Reasonable certainty is the test.  You must be able, in view of
17   the evidence which is offered, to arrive with a reasonable degree
18   of certainty at some conclusion as to what the plaintiffs lost.
19       Applying these principles to the fact situation before you,
20   should you conclude that the defendants are liable to the
21   plaintiffs, then you must determine an amount that is fair
22   compensation to the plaintiffs.  I will first instruct you on
23   compensatory damages.
24       The plaintiff alleges the following types of damage:

1) Past medical expenses;

2) Past loss of earnings from employment;

3) Physical harm to plaintiffs, including claim of permanent disability of plaintiff Wieslaw Rog; and

4) Physical pain or discomfort.

Actual or compensatory damages may also include damages which are designed to compensate for emotional and mental distress. While this class of damages may be difficult to quantify, they nonetheless are compensable. In determining how to compensate the plaintiffs for emotional and mental distress, you may consider damages resulting from the invasion of the plaintiffs' privacy, and may include fear, anxiety, nervousness, embarrassment, and humiliation.

You must not award compensatory damages more than once for the same injury. For example, if the plaintiffs prevail on all their claims and you assess a specific dollar amount for their injuries, you must not award the plaintiffs any duplicate compensatory damages on each claim. The plaintiffs are only entitled to be made whole once, and may not recover more than they have lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiffs fully for all their injuries.

If you find for the plaintiffs on the alleged constitutional violation, but you find that the plaintiffs have failed to prove

actual damages, you shall return an award of nominal damages not to exceed one dollar.  The mere fact that a constitutional deprivation has been shown to have occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.

If the plaintiffs have suffered injury as a proximate cause of a violation of their rights, the plaintiffs must still attempt to mitigate any damages that flow from that injury.  In other words, even if you find that the plaintiffs have suffered injury as a result of a violation of their rights, the plaintiffs must still make reasonable efforts to minimize the injury and damages.  The plaintiffs cannot recover for injury or damages that could have been minimized or mitigated by any reasonable efforts which you find that the plaintiffs failed to undertake.

**PUNITIVE DAMAGES**

I advised you earlier that there are two kinds of damages.  The second is known as punitive damages.  Only if you decide to award compensatory or nominal damages to the plaintiffs may you then consider whether or not to award them punitive damages.  The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct as I will delineate in a moment, and to serve as an example or warning to others not to engage in similar wrongful conduct.  If you find that the acts of the defendants

were done maliciously or due to a reckless or callous disregard or indifference to the rights of the plaintiffs, then you may award punitive damages as you find proper.

Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that the plaintiffs are entitled to compensatory or nominal damages.

In a case like this one, you may consider whether the acts or omissions of the defendants, if you find them to have been proven, were so egregious that such defendants should pay a penalty so that in the future others will be deterred from engaging in the same kind of conduct. Whether you decide to award any punitive damages should be based on whether you find that the defendants engaged in any one of the following things:

(1) willful or malicious violation of the plaintiffs' rights;

(2) an intentional act by defendants in gross disregard of the plaintiffs' rights;

(3) reckless disregard by defendants of whether they were violating the plaintiffs' rights. If you find any of these things to have been proven, then you may award punitive damages. Again, whether or not to make an award of punitive damages is a matter exclusively within the province of the jury. You must

bear in mind, however, that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason. They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party in this case.

**USE OF INTERROGATORIES**

Let me explain the procedure you will be following in connection with your decision making in this case. You are going to be asked to answer several questions that concern the issues in this case. A set of those questions will be distributed to each of you when you retire to begin deliberations. Fill out only the set with room for the foreperson's signature and return it to the court.

Many questions you will be asked to answer can be answered yes or no. Several of the questions need be answered only if a certain answer or answers have been given to a previous question or questions. Of course, you should not answer any question one way to avoid answering a later question, but it may turn out that you do not have to answer every question. Each question that you answer should be given individual consideration.

Do not assume from the wording of any question or from the fact that a question is asked that there is any particular answer that you are supposed to give. Your answers should be given solely on the basis of your assessment of the evidence and the

1  application of these instructions of law.

2  **CONCLUSION**

3  You may now retire to the jury room. Elect one of your
4  members as foreperson.  The foreperson is in no way more
5  important in your deliberations.  His or her sole function is to
6  pass any requests for clarification of these instructions or
7  something of that nature on to me, and to announce your verdict.

8  If you do have such requests, please give them to the
9  Marshal, in writing, and he or she will bring them to me.  Be
10 careful to give us no indication of the status of your
11 deliberations when you make such requests; we are not permitted
12 to know anything about how fast or slow you are proceeding, or
13 whether you are divided in your positions, or any other
14 information about what is taking place in the jury room.

15 As you proceed to your deliberations in the jury room,
16 determine the facts on the basis of the evidence as you have
17 heard it, and apply the law as I have outlined it to you.  Render
18 your verdicts fairly, uprightly, and without a scintilla of
19 prejudice.

20 Although all jurors must agree before a verdict can be
21 rendered, it is nevertheless the duty of each of you to discuss
22 and consider the evidence and the opinions of the other jurors.
23 If, in the course of your deliberations, you become convinced
24 that the views you held are erroneous, do not hesitate to

1  reexamine those views and change your opinion.  Ultimately,
2  however, you must decide the case for yourself.  Do not
3  surrender your beliefs as to the proper weight of the evidence
4  solely because of the opinions of other jurors or for the mere
5  purpose of returning a verdict.
6